# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# SOUTHERN DIVISION

| | |
|---|---|
| Darnell Wilkerson, | * |
| Plaintiff, | * |
| v. | * Civil Action No. 8:10-CV-01855-AW |
| Federal Express, | * |
| Defendant. | * |

## MEMORANDUM OPINION

On July 9, 2010, the plaintiff, Darnell Wilkerson, filed his complaint alleging that the defendant, Federal Express, violated Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), and 42 U.S.C. § 1981 ("§1981"). Defendant has filed the instant Motion to Dismiss, or, in the alternative, a Motion for Summary Judgment arguing that Plaintiff's claims are time barred. The parties have fully briefed the issues and deem that no hearing is necessary. For the reasons stated below, the Motion for Summary Judgment is **GRANTED**.

## I. Statement of Facts

On March 19, 1992, Plaintiff completed an employment application with Defendant. (Doc. No. 6-3, at 9). The application included a contractual limitation clause where Plaintiff agreed to bring any legal action against Defendant "within the time prescribed by law or six months from the date of the event forming the basis for the law suit, whichever expires first." *Id.* On December 3, 1992, Plaintiff began his employment with Defendant, Federal Express. (Doc. No. 6-4). On January 7, 2009, Defendant fired Plaintiff for "falsification/fraudulent activity" in

violation of company policies. (Doc. No. 6-5). On June 12, 2009, Plaintiff filed a timely charge with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of race and retaliation. (Doc. No. 1, at ¶3(u)). Defendant claims that on February 24, 2010 Plaintiff received a "Right to Sue" letter from the EEOC informing Plaintiff that, if he intended to sue Defendant, he "must file [his lawsuit] in a federal or state court within 90 days of [his] receipt of [the] notice," giving Plaintiff until May 25, 2010 to bring his claim. (Doc. No. 6-1, at 3). Plaintiff alleges that he received the Right to Sue letter on April 8, 2009. (Doc. No. 1, at ¶3(t)). On July 9, 2010, Plaintiff filed his complaint, alleging violations of Title VII, 42 U.S.C. § 1981, and ADEA. (Doc. No. 1).

On September 14, 2010, Defendant filed a Motion to Dismiss, or, in the alternative, a Motion for Summary Judgment stating that 1) Plaintiff did not file his race discrimination claim under Title VII within 90 days of receiving his right to sue letter; 2) Plaintiff did not file in a timely manner a charge with the EEOC for age discrimination and therefore this claim is time barred; 3) Plaintiff filed his claims over nineteen months after his termination, and not within the required six months prescribed in the contractual limitation clause; and 4) Plaintiff failed to state any facts or allegations to support a claim under Title VII, ADEA, or § 1981. Plaintiff has filed no response to the instant motion.

## II. Standards of Review

a. **12(b)(6) Motion to Dismiss**

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, a plaintiff's complaint need only

satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In two recent cases, the United States Supreme Court clarified the standard applicable to Rule 12(b)(6) motions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Those cases make clear that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3 (2007). That showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. In its determination, the Court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). In addressing a motion to dismiss, a court should first review a complaint to determine what pleadings are entitled to the assumption of truth. *See Iqbal*, 129 S. Ct. at 1949-50. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949. Indeed, "the Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context." *Id.* at 1954. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

    b. **Motion for Summary Judgment**

Where a motion for dismissal pursuant to Rule 12(b)(6) relies on matters outside the pleadings, the Court treats it as a motion for summary judgment. Fed. R. Civ. P. 12(d). Summary judgment is only appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). The Court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded to particular evidence." *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). To defeat a motion for summary judgment, the nonmoving party must come forward with affidavits or other similar evidence to show that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). While the evidence of the nonmoving party is to be believed and all justifiable inferences drawn in his or her favor, a party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences. *See Deans v. CSX Transp., Inc.,* 152 F.3d 326, 330-31 (4th Cir. 1998). Additionally, hearsay statements or conclusory statements with no evidentiary basis cannot support or defeat a motion for summary judgment. *See Greensboro Prof'l Fire Fighters Ass'n, Local 3157 v. City of Greensboro*, 64 F.3d 962, 967 (4th Cir. 1995). Since the Defendant provides evidence outside of the pleadings to support this motion, the Court will treat it as a Motion for Summary Judgment.

### III. <u>Discussion</u>

**A. Timeliness of Title VII Claim**

Defendant argues that Plaintiff's Title VII claims of discrimination based on race and retaliation are time barred because of Plaintiff's failure to bring an action within ninety days of his receipt of the Right to Sue letter.

Under Title VII, if a charge, properly filed with the EEOC, is dismissed, the Commission must thereafter notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge. 42 U.S.C. § 2000e-5(f)(1). "The ninety day notice period itself is clear evidence that Congress intended to require claimants to act expeditiously, without unnecessary delay." *Harvey v. City of New Bern Police Dept.* 813 F.2d 652, 654. (4th Cir. 1987). Moreover, "[i]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980) (overruling a judgment permitting the filing of an EEOC claim outside of the three hundred day statute of limitations). Lastly, if there is a dispute as to when a notice of a right to sue letter is received, then the court follows the presumption that the notice was received three days after it was mailed. *Russell v. American Tobacco Co.,* 528 F.2d 357, 365 (4th Cir. 1975).

In this case, Defendant's exhibits show that Plaintiff's EEOC charge was dismissed on February 24, 2010. (Doc. No. 6-7). The exhibit submitted to support Defendant's motion shows that the EEOC mailed Plaintiff a Right to Sue letter on February 24, 2010. *Id.* However, Plaintiff alleges that he received the Right to Sue letter from the EEOC on April 8, 2009. In either event, Plaintiff has exceeded the ninety day period for filing a timely Title VII claim because he filed his complaint on July 9, 2010- well after ninety days of either alleged date[1].

---

[1] Although Defendant alleges in its motion that Plaintiff's complaint was filed on August 25, 2010, the clerk's certified stamp shows that Plaintiff filed his complaint on July, 9 2010. However, this discrepancy has no effect on the outcome of the case.

Here, there is no genuine issue of material fact because taking either date as the accurate date of receipt will preclude Plaintiff from bringing his claim. If Plaintiff received the dismissal on April 8, 2009, as he alleges, the ninety day filing period would have ended on July 7, 2009. If Plaintiff received the dismissal on February 24, 2010, as Defendant alleges, the ninety day filing period would have ended on May 25, 2010 and Plaintiff filed on July 9, 2010. Therefore, Summary Judgment is **GRANTED** on Plaintiff's Title VII claim, as this claim is time barred.

**B. Timeliness of ADEA charge**

Defendant argues that Plaintiff's alleged ADEA claim is time barred because he failed to file a timely charge with the EEOC. According to Defendant, Plaintiff's injury occurred when Defendant terminated his employment; therefore, Plaintiff had 300 days from January 7, 2009 to file his ADEA claim with the EEOC, which Defendant alleges Plaintiff failed to do.

A plaintiff bringing a suit under the ADEA must file a charge with the EEOC before bringing suit in court. 29 U.S.C.A. § 626 (d)(1). In deferral states, such as Maryland, Plaintiff is given 300 days from the date of which the injury occurred to file a charge with the EEOC. *Id.* No action may commence without first filing a claim with the EEOC within the time periods prescribed. *Id.*

In the case at bar, Plaintiff's alleged injury occurred on January 7, 2009 when Defendant terminated Plaintiff's employment. Thereafter, he had until November 3, 2009 to file his charge with the EEOC. However, Plaintiff's initial EEOC charge did not include an ADEA claim, nor is there any evidence of Plaintiff making an ADEA claim before filing with the court. (Doc. No. 6-6, at 2). Therefore, there is no genuine issue of material fact as to whether Plaintiff actually filed his ADEA claim with the EEOC in a timely manner, as the undisputed evidence clearly

shows that he failed to timely file his ADEA claim with the EEOC. Therefore, Summary Judgment is **GRANTED** to Defendant on Plaintiff's ADEA claim.

**C. Timeliness of Title VII, ADEA, and §1981 under the Contract Provision.**

According to Defendant, Plaintiff entered into an employment contract with Federal Express on December 3, 1992, which included a "contractual limitation clause" stating Plaintiff would bring any claims against Defendant "within the time prescribed by law or six months from the date of the event forming the basis of [the] lawsuit, whichever came first." (Doc. No. 6-3, at 9). Defendant argues that Plaintiff's failure to bring his claims within six months of the alleged injury, as prescribed by the limitation clause in the employment contract, bars all three of Plaintiff's claims.

The Maryland Court of Special Appeals has held that "there is nothing in the policy or object of such statutes which forbids the parties to an agreement to provide a shorter period, provided the time is not unreasonably short." *Md. Inc. v. Morabito Consultants Inc.*, 132 Md. App. 158, 172 (Md. Ct. Spec. App. 2000). The court in *Morabito* outlines a test for determining the validity of a contractual provision shortening the legislatively prescribed statute of limitations, stating:

> In light of these well-settled holdings recognizing that parties' freedom to contract should be given effect absent clear policy considerations to the contrary, we conclude that parties may agree to a provision that modifies the limitations result that would otherwise pertain provided (1) there is no controlling statute to the contrary, (2) it is reasonable, and (3) it is not subject to other defenses such as fraud, duress, or misrepresentation. *Id.* at 174.

Furthermore, the Supreme Court has held "since there is no specifically stated or otherwise relevant federal statute of limitations for a cause of action under [42 U.S.C § 1981], the controlling period would ordinarily be the most appropriate one provided by state law. *Johnson v. Ry. Exp. Agency, Inc.*, 421 U.S. 454, 462 (1975). The District Court of Maryland has held

that the most appropriate state law period of limitations applicable to a claim under 42 U.S.C § 1981 is three years. *Evans v. Chesapeake and Potomac Tel. Co.*, 535 F.Supp. 499, 500 (D. Md. 1982).

In this case, Plaintiff, through an employment contract, agreed to bring any legal action against Defendant "within the time prescribed by law or six months from the date of the event forming the basis of [the] lawsuit, whichever came first." (Doc. No. 6-3, at 9). Although, the language was not written in "bold" and "capitalized" letters as Defendant alleges, the provision was clearly a part of the contract and was not hidden in any way. Furthermore, there are no apparent statutes preventing Plaintiff and Defendant from entering into this contractual limitation agreement curtailing the legally prescribed time period to file a claim. Nothing on the facts of this case give the court reason to believe that this contractually prescribed limitations period is unreasonable. Although the three year statute of limitations, as provided by Maryland law, would not bar Plaintiff's 1981 claim, the contractual provision in Plaintiff's employment application does. Finally, there was no mention of contract defenses that would prevent the enforcement of the provision. Defendant terminated Plaintiff on January 7, 2009 and Plaintiff brought his claim on July 9, 2010, nineteen months after the alleged injury. Therefore, since it is undisputed that Plaintiff voluntarily agreed to the six month contractual limitation period for bringing claims against Defendant and Plaintiff actually filed his claim twenty months later, there is no genuine issue of material fact as to whether Plaintiff failed to bring his claim in a timely manner. Accordingly, the Court **GRANTS** Defendant's Motion for Summary Judgment as to the lack of timeliness of Plaintiff's § 1981 claim.

### IV. Conclusion

Plaintiff's claims under Title VII, the ADEA, and §1981 are time barred, because 1) Plaintiff failed to file his Title VII claim within 90 days of the EEOC issuing him a Right to Sue letter; 2) Plaintiff failed to file his ADEA charge with the EEOC within the 300 days of his alleged injury; and 3) Plaintiff failed to comply with the contractual provision in his employment contract requiring suit against Defendant to be brought within six months of the injury. Accordingly, Defendant's Motion for Summary Judgment is **GRANTED.**

Date: June 2, 2011 _____/s/_____
Alexander Williams, Jr.
United States District Judge